IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRIME AIRCRAFT & AVIATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-23-872-R |
| | ) |
| AEROVANTI AIRCRAFT, LLC; | ) |
| AEROVANTI BROKERAGE, INC.; | ) |
| PATRICK T. BRITTON-HARR; | ) |
| and AEROVANTI, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is a Motion to Set Aside Entry of Default by Aerovanti, Inc., Aerovanti Aircraft LLC, and Patrick T. Britton-Harr [Doc. No. 19]. Plaintiff responded in opposition [Doc. No. 21] and Defendants have replied [Doc. No. 21].

A Clerk's Entry of Default was entered against Defendant Aerovanti, Inc. on November 16, 2023 [Doc. No. 9] and against Defendants Aerovanti Aircraft, LLC and Mr. Britton-Harr on November 17, 2023 [Doc. No. 12] after Defendants failed to respond to the Complaint. Defendants now request that the Entry of Default be set aside pursuant to Federal Rule of Civil Procedure 55(c) because their default was not willful, the Plaintiff will not suffer prejudice, and they have a meritorious defense to the claims.[1]

Rule 55(c) permits the Court to set aside an entry of default "for good cause." The good cause requirement is a "lesser standard for the defaulting party than the excusable

---

[1] The fourth Defendant, Aerovanti Brokerage, Inc., also failed to respond to the Complaint and a Clerk's Entry of Default was entered on January 18, 2024 [Doc. No. 24].

negligence which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The Tenth Circuit has summarized the good cause inquiry under Rule 55(c) as follows:

> The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. These factors are not "talismanic" and the court may consider other factors. However, the court need not consider all the factors. If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default.

*Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (internal citations omitted).

Regarding Defendant Patrick T. Britton-Harr, Defendants' motion offers no explanation for his failure to respond to the Complaint after being personally served with process. Although "[t]he preferred disposition of any case is upon its merits[,]" *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970), the Court simply cannot find good cause, even under Rule 55(c)'s forgiving standard, absent some explanation for the default. *See Hunt*, 65 F.3d 178 ("We agree with the district court that Defendant's failure to answer or otherwise respond to the complaint after receiving actual notice of the complaint demonstrated a willful disregard for the court.").

Regarding Aerovanti, Inc. and Aerovanti Aircraft, LLC, Defendants' motion avers that the default occurred because their CEO abandoned his responsibilities and failed to submit the lawsuit to the insurance carrier. The motion further avers that the CEO was removed from his management position on October 16, 2023 and was replaced with new management (which included Mr. Britton-Harr) who submitted the claims to the insurance carrier on October 18, 2023. Fair enough, but Aerovanti Aircraft, LLC was served on October 12, 2023 [Doc. No. 6] and Aerovanti, Inc. was served on October 18, 2023 [Doc. No. 7]. The CEO was therefore removed and replaced at approximately the same time service was completed on these entities and certainly in plenty of time to respond to the Complaint. Given the timeline of events set out in Defendants' motion, the Court fails to see how the purportedly bad acts of the former CEO explain why these entities failed to respond to this lawsuit. Thus, like Mr. Britton-Harr, Aerovanti Aircraft, LLC and Aerovanti, Inc. have offered no plausible excuse for their default.

Because Defendants offer no excuse for their respective defaults, the Court is left with little choice but to conclude that the defaults were the result of culpable conduct. Although Defendants contend they have a meritorious defense to the claims and Plaintiff would not be prejudiced by setting aside the default, the Court nonetheless concludes they have not made a sufficient showing to merit relief under Rule 55(c). Accordingly, the Motion to Set Aside Entry of Default by Aerovanti, Inc., Aerovanti Aircraft LLC, and Patrick T. Britton-Harr [Doc. No. 19] is DENIED. Plaintiff's Application for Leave to File Sur-Reply [Doc. No. 23] is DENIED as moot.

IT IS SO ORDERED this 19th day of January, 2024.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

4