IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRIME AIRCRAFT & AVIATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-23-872-R |
| | ) |
| AEROVANTI AIRCRAFT, LLC; | ) |
| AEROVANTI BROKERAGE, INC.; | ) |
| PATRICK T. BRITTON-HARR; | ) |
| and AEROVANTI, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment [Doc. No. 26]. Defendants Aerovanti, Inc., Aerovanti Aircraft LLC, and Patrick T. Britton-Harr filed a response in opposition [Doc. No. 27]. Defendant Aerovanti Brokerage, Inc. did not file a response.

A Clerk's Entry of Default was previously entered against each Defendant [Doc. Nos. 9, 12, 24] after they failed to answer or otherwise respond to the Complaint. Defendants Aerovanti, Inc., Aerovanti Aircraft LLC, and Mr. Britton-Harr subsequently moved to set aside the entry of default [Doc. No. 19] pursuant to Federal Rule of Civil Procedure 55(c). The Court denied the motion because Defendants failed to show good cause for their default [Doc. No. 25]. Plaintiff now moves for entry of default judgment, arguing that Defendants are in default and their allegations sufficiently state claims for relief. In response, Defendants (other than Aerovanti Brokerage, Inc.) reiterate the arguments they previously raised in seeking to set aside the entry of default. More

specifically, they argue that the malfeasance of a corporate officer is to blame for their failure to timely respond to the Complaint, they have meritorious defenses to the claims, and Plaintiff would not suffer prejudice if a default judgment were denied.

As explained in the Court's prior order, "good cause is required to be shown for the court to set aside an entry of default." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Id*. Although the Court previously concluded that Defendants' failure to offer a plausible explanation for their default prevented a finding of good cause, upon reconsideration, the Court concludes that default judgment is not warranted under these circumstances.

Defendants continue to rely on the alleged misconduct of a corporate officer to explain their default but fail to explain why that excuses Mr. Britton-Harr's inaction or why the entities failed to respond given that the officer was removed prior to at least one entity being served. *See id.* ("We agree with the district court that Defendant's failure to answer or otherwise respond to the complaint after receiving actual notice of the complaint demonstrated a willful disregard for the court."). Nevertheless, the Court believes that Defendants' "evidenced [their] good faith by submitting [their] motion to set aside the default" shortly after entry of the default. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009). Further, Defendants have adequately identified facts which could support potentially meritorious defenses to the claims and Plaintiff would not

2

be significantly prejudiced by setting aside the default at this stage. *See Bizjet Int'l Sales & Support, Inc. v. Aero Toy Store, LLC,* No. 08-CV-242-TCK-PJC, 2008 WL 5083536, at *3 (N.D. Okla. Nov. 26, 2008) (explaining that "the risk and delay associated with obtaining judgment on the merits rather than obtaining judgment more promptly…is not the type of 'prejudice' to [plaintiff] that warrants denying the Motion to Vacate"); *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001) (explaining that "Defendant does not need to demonstrate a likelihood of success on the merits. Rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."). Accordingly, upon reconsideration, and recognizing that "our legal system strongly prefers to decide cases on their merits[,]" *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011), the Court finds that there is good cause for setting aside the entry of default as to Defendants Aerovanti, Inc., Aerovanti Aircraft LLC, and Mr. Britton-Harr.

The remaining Defendant, Aerovanti Brokerage, Inc., has not moved to set aside the entry of default or responded to Plaintiff's motion seeking default judgment. Generally, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y. 1974)). Because some of the factual assertions related to Aerovanti Brokerage, Inc. may implicate the claims and defenses of

the non-defaulting parties, the Court will defer entry of default judgment as to Aerovanti Brokerage, Inc. until the conclusion of the proceedings against the other defendants.

As set out above, Plaintiff's Motion for Default Judgment [Doc. No. 26] is DENIED. The Clerk's Entry of Default as to Defendants Aerovanti, Inc., Aerovanti Aircraft LLC, and Patrick T. Britton-Harr is vacated and these Defendants are directed to respond to the Complaint within 21 days of the date of this Order.

IT IS SO ORDERED this 9th day of April, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE